# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOTOROLA MOBILITY LLC,<br><br>       Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>       Defendant. | CASE NO.:_____<br><br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA<br><br>Case No. 1:12-cv-20271-SCOLA<br><br>**Consolidated Cases**<br>Case No. 1:10-cv-23580-SCOLA<br>Case No. 1:12-cv-20271-SCOLA<br><br>**DISCOVERY MATTER** |
| APPLE INC.,<br><br>       Counterclaim Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>       Counterclaim Defendants. | |

**MOTOROLA MOBILITY LLC'S MOTION TO COMPEL DOCUMENT PRODUCTION AND DEPOSITION FROM NUANCE COMMUNICATIONS, INC.**

Pursuant to Rule 37(a) and Rules 30 and 45 of the Federal Rules of Civil Procedure and District of Massachusetts Local Rules 7.1 and 37.1, Motorola Mobility LLC ("Motorola") respectfully moves the Court for an order compelling third party Nuance Communications, Inc. ("Nuance") to produce documents and appear for a deposition.

1.      Motorola has sued Apple Inc. for patent infringement in the Southern District of

Florida (*Motorola Mobility LLC v. Apple Inc.*, Case No. 1:12-cv-20271), asserting that certain Apple products infringe Motorola's U.S. Patent No. 7,243,072, ("the '072 Patent").

2. Motorola seeks to depose Nuance, a third party based in Massachusetts. On November 22, 2013, Motorola served a Corrected Subpoena on Nuance for document production by December 6, 2013 and deposition on December 10, 2013.

3. Despite Motorola's validly served subpoena and efforts to meet and confer, Nuance has objected and refused to provide requested documents and deposition.

4. Fact discovery in the Southern District of Florida action is set to close on December 10, 2013.

5. The information that Motorola seeks from Nuance is narrowly focused and important to the pending Florida action.

6. There is no justification for Nuance to fail to comply with the subpoena. The subpoena allowed ample time for Nuance to respond, was properly served, is not overly broad, and seeks relevant information.

7. The grounds for this Motion are more fully set forth in Defendant's Memorandum in Support of its Motion to Compel and the Exhibits, filed herewith.

    Respectfully submitted,

    Motorola Mobility LLC,

    By its attorneys

    */s/ Barbara Gruenthal*
    Barbara Gruenthal (BBO No. 544209)
    COOKE CLANCY & GRUENTHAL LLP
    One Liberty Square
    Boston, MA 02109
    Tel: (617) 428-6800

Dated: December 10, 2013

## LOCAL RULES 7.1(a)(2) AND 37.1(b) CERTIFICATION

Pursuant to Local Rules 7.1(a)(2) and 37.1(b), counsel for Motorola reasonably and in good faith conferred with Nuance's counsel in an effort to resolve or narrow the present discovery dispute, but were unable to reach an agreement.  Specifically, Motorola's counsel, Regan N. Kruse, spoke on the telephone with Nuance's in-house counsel, David Greenbaum, on November 27, 2013, who stated that Nuance objects to the subpoena and declined to provide alternative dates for a deposition.  In addition, on December 10, 2013, Nuance/Apple's counsel, Anish Desai, emailed Motorola's counsel, Edward M. Mullins, stating that Nuance would not produce the requested documents or a witness on the deposition topics.  Also that day, counsel for Motorola, Edward M. Mullins and Regan N. Kruse, and Nuance/Apple's counsel, Anish Desai and Brian Ferguson, participated in a telephone conference in which Nuance/Apple's counsel reiterated that it considered all the discovery irrelevant and therefore would not produce any documents or produce a witness for testimony.

 _/s/ Regan N. Kruse_
Regan N. Kruse

## CERTIFICATE OF SERVICE

I, Barbara Gruenthal, hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 11, 2013.

 _/s/ Barbara Gruenthal_
Barbara Gruenthal